Argued and submitted May 18, reversed and remanded June 30, 2021

In the Matter of M. K. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. N.,
*Appellant.*

Lincoln County Circuit Court
20JU04097; A174828

493 P3d 1127

Amanda R. Benjamin, Judge pro tempore.

Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services, argued the cause and filed the briefs for appellant.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

In this juvenile dependency case, father appeals the judgment taking jurisdiction over his son, M, raising six assignments of error. We write to address his first assignment of error, the disposition of which obviates the need to reach his remaining assignments of error. Father, who lives in Hawaii, contends that the juvenile court erred in denying his motion to appear telephonically at the jurisdictional hearing. We agree with father, and, accordingly, we reverse and remand.

A detailed description of the underlying facts and procedural history would not benefit the bench, bar, or public. The jurisdictional hearing took place on September 25, 2020, in Oregon. Some of the participants appeared by live video using Webex, an internet web conferencing service. On the day of the hearing, father was unable to successfully connect through Webex with both audio and video features. His attorney renewed a request, previously denied, for permission to appear telephonically. The juvenile court denied that request.

On appeal, father asserts that, as a matter of state statutory law and federal due process, he had a right to defend against the dependency petition regarding M. According to father, he was denied that right, in part, by the juvenile court denying his request to participate by telephone. *See* ORS 419B.875(2) (a parent has the "right to call witnesses, cross-examine witnesses and participate in hearings"); ORS 419B.918 (on a written motion showing good cause, the "court may permit the person, instead of appearing personally, to participate in any hearing related to a petition alleging jurisdiction under ORS 419B.100 *** in any manner that complies with the requirements of due process including *** telephonic or other electronic means"). In response, the Department of Human Services argues that the juvenile court appropriately exercised its discretion to deny father's request to appear by telephone while allowing him to appear by video via Webex and, therefore, did not err as a matter of law.

We have considered the parties' arguments, the record before us, the gravity of the interests at stake, and

the unique circumstances, including the COVID-19 global pandemic and the technical challenges that were unfamiliar to the parent at the time set for the jurisdictional hearing. Under those unusual circumstances, we conclude that the juvenile court abused its discretion when it denied father's request to appear by telephone, and then proceeded under ORS 419B.815(7) as if he had failed to appear. Therefore, we reverse the jurisdictional judgment as to father and remand for a new jurisdictional hearing.

Reversed and remanded.